**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| COURTNEY ORSBURN | § | |
| | § | CIVIL ACTION NO.  4:18-cv-222 |
| v. | § | |
| | § | |
| SR. CPL. BILL NORWOOD, Individually, | § | |
| POLICE OFFICER DOES 1-5; and | § | |
| CITY OF EULESS, TEXAS | § | **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW, the Plaintiff, Courtney Orsburn and complains against the Defendants, Police Officer Does 1-5, individually and Sr. Cpl, Bill Norwood, individually, and the City of Euless, Texas, and for cause would show the court as follows:

**NATURE OF THE ACTION**

1. This is an action brought by the Plaintiff against The City of Euless, Texas for excessive force, and Police Officer Does 1-5, individually and Sr. Cpl, Bill Norwood, individually, for negligence, gross negligence, assault/battery, intentional infliction of emotional distress, resulting in injuries to the Plaintiff, under the color of law, in violation of her individual rights under the Fourth and Fourteenth Amendments of the United States Constitution, and in violation of her civil rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges Euless City Charter provides that the Euless City Council is responsible for setting all city policies, unless otherwise delegated. Euless is a "Council-manager" government. Pursuant to its provisions and subject only to the limitations imposed by the state constitution, by the statutory laws of Texas, and by this Charter, all powers of the City shall be vested in an elective Council, hereinafter referred to as the "Council," which shall …determine policies." (Euless City Charter, Article I, Section 2).

3.      The Euless City Council is the decision-maker and policymaker for the customs, practices, policies and procedures complained of herein. Euless City Council had a duty, but failed, to implement and/or enforce policies, practices, procedures, and to ensure adequate training, supervision, and discipline with respect to compliance with these policies for Euless Police Department.

4.      The Defendant, City of Euless and Euless City Council's failure to develop and implement the necessary policies and the resultant *de facto* policy of deliberate indifference to a widespread custom and practice of unconstitutional conduct was the moving force behind the violation of Orsburn's rights under the Fourth and Fourteenth Amendments and caused her unwarranted and excruciating physical and mental anguish. For these civil rights violations and other causes of action discussed herein, Orsburn seeks answers and compensation for her damages.

## PARTIES

1.      Plaintiff, Courtney Orsburn, is a citizen of the United States and a resident of Tarrant County, Texas

2.      Defendant, the City of Euless, is a municipality located in Tarrant County, Texas. The City of Euless funds and operates the Euless Police Department (EPD).   The EPD is also responsible for preventive, investigative, and enforcement services for all citizens of the City of Euless. The City of Euless may be served with citation herein by and through its City Secretary, 201 North Ector Drive, Euless, Texas, 76039.

3.      Defendant, Sr. Cpl. Bill Norwood, upon information and belief, is a commissioned peace officer duly appointed by City of Euless and may be served at his place of employment at 1102 West Euless Blvd., Euless, Texas 76040.

4.      Defendants, Police Officer Does 1-5 are other officers present on the scene of the

incident.  Upon information and belief, Police Officer Does 1-5, and at all times material herein were police officers acting in the course and scope of their employment for the City of Euless Police Department.  They will be identified during discovery and added as named defendants as soon as their identities are known.

## JURISDICTION AND VENUE

5.      Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Orsburn by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

6.      Venue is proper in this court because the causes of action occurred within the Northern District of Texas, Fort Worth Division.

## STATE ACTION

7.      To the extent applicable, Defendants Police Officer Does 1-5 and Sr. Cpl. Bill Norwood (collectively "Defendant Officers") at all times material herein, were commissioned peace officers acting in the course and scope of their employment for the City. They were acting under color of state law when they subjected Orsburn to the wrongs and injuries hereinafter set forth.

## FACTS

8.      One March 22, 2016 Courtney Orsburn was parked at a local store.  She was approached by EPD.  Orsburn was detained by Defendant Officers and accused of having just made a drug purchase. She advised officers that she had not and that she was simply waiting for a

friend.

9.      Defendant Officers threatened to arrest Orsburn if she would not set up a purchase with her drug dealer. Orsburn repeated denied having made any drug purchase. But the officers insisted.

10.      Fearing that she would be taken to jail, Orsburn attempted to cooperate with Defendant officers.  However, because she did not know anyone from whom she could purchase drugs, she pretended to attempt to set up a purchase by dialing a few numbers on her cell phone. Of course, she was unsuccessful.

11.      Defendant Officers became frustrated with Orsburn for wasting their time and began to assault her.  Defendant Officers slammed her to the ground breaking her arm.  She was subsequently charged with failure to identify.  She sat in jail for months.

12.      Orsburn filed numerous complaints regarding this incident while she was incarcerated.  Some officers were disciplined as a result of their actions related to her unlawful arrest.  The charges against Orsburn were subsequently dropped.

13.      However, due to having been incarcerated, Orsburn lost all of her belongings, including her vehicle.

## EXCESSIVE FORCE
## COUNT I – 42 U.S.C. § 1983

14.      Plaintiff incorporates by reference paragraphs above as if fully set forth herein.

15.      Plaintiff will show that Defendant Officers' actions on the occasion in question were wrongful and constituted gross negligence in depriving Orsburn of her constitutional rights, as alleged more fully below.

16.      Plaintiff would show that at all times material hereto, Defendant Officers had a duty

to avoid infliction of unjustified bodily injury to Orsburn, to protect her bodily integrity and to not trample on her constitutional rights.

17.     Plaintiff would show that Defendant Officers failed to act as a reasonable police officer would have acted in the same or similar circumstances. That is, Defendant Officers, without lawful justification and in the absence of any threat whatsoever to their personal safety or that Orsburn was at any time resisting a lawful arrest or detention, assaulted Orsburn and used excessive force as described above and injured Orsburn without probable cause and/or legal justification. Orsburn never made any threatening gestures towards the Defendant Officers.

18.     Defendant Officers' actions were not objectively reasonable because he followed a procedure designed to inflict excessive force in effecting a coerced drug deal.

19.     Plaintiff would further show that Defendant Officers were acting within the custom, policy, practice and/or procedures of the EPD in regards to deprivation of due process and the use of excessive force as authorized and/or ratified Defendant City at the time of the incident.

20.     The force used by the Defendant Officers was unnecessary and unreasonable under the circumstances, as Orsburn, who was cooperating with Defendant Officers, did nothing to require the use of such excessive force.

21.     Plaintiff would further show that as a result of these violations of Orsburn's rights, Plaintiff has suffered damages within the jurisdictional limits of this court.

## CITY OF EULESS FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE
### COUNT II- 42 U.S.C. § 1983

22.     Plaintiff incorporates by reference all paragraphs as if fully set forth herein.

23.     Defendant Officers, acting under color of law and acting pursuant to customs, practices and policies of The City of Euless and EPD in regards to denial of due process and the

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page 5 of 12**

use of excessive force, as authorized and/or ratified by the City, deprived Orsburn of rights and privileges secured to him by the Fourth and Fifth Amendments to the United States Constitution and by other laws of the United States.

24.    By failing to provide proper training in the use of excessive force and due process, the EPD and City exhibited deliberate indifference to an obvious need for training.

25.    With respect to the claims made the basis of this lawsuit, the City's failure to train its employees in a relevant respect reflects a deliberate indifference to the rights of the city's inhabitants and is actionable under 42 U.S.C. § 1983.

26.    Defendant City of Euless and EPD under the direction of the Euless City Council developed and maintained a policy of deficient training of its police force in the use of force, and due process.

27.    The City and EPD's failure to provide adequate training to its police officers regarding the use of excessive force and due process reflects deliberate indifference by of the

28.    City and reckless and conscious disregard for the obvious risk that officers would use excessive force on citizens and violate due process rights made the violations of Orsburn's constitutional rights, a reasonable probability.

29.    Plaintiff would show that Defendant Officers' actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which the City knew or should have known that conduct such as that evidenced in the instant case was likely to occur, but never provided the requisite and proper training that would have prevented it.

30.    Upon information and belief, Defendant City, acting through official policies, practices, and customs, and with deliberate, callous, and conscious indifference to the constitutional rights of Orsburn failed to implement the policies, procedures; and practices

necessary to provide constitutionally adequate protection to Orsburn and implemented policies, procedures, and practices which were the moving force behind the violation of her constitutional rights.

31.     For instance, the following conduct, policies, and customs, inter alia, by Defendants violated Orsburn's constitutional rights:

      a.     The City's failure to adequately train its officers on use of force;

      b.     EPD's failure to discipline or terminate officers for non-compliance with policy;

32.     The City's failure to properly train its police officers regarding the use of force and due process was the proximate cause of the violations of Orsburn's constitutional rights.

## FALSE ARREST
### COUNT III- 42 U.S.C. § 1983

33.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

34.     Plaintiff would show that Defendant Officer's arrest and detention of Orsburn were objectively unreasonable and performed in bad faith in that they detained Orsburn without probable cause. Orsburn did not commit a crime as the evidence would show. Plaintiff would further show that she has suffered damages within the jurisdictional limits of this court as a result of the wrongful arrest and that such arrest was done under color of law.

35.     Plaintiff would show that Defendant Officers were acting within the official customs, policies, practices and/or procedures in regards to the use of excessive force and denial of due process as authorized and/or ratified by the City at the time of the incident. Plaintiff would additionally show that such wrongful arrest was done in violation of Orsburn's rights under the Fourth Amendment of the United States Constitution, as incorporated to the states by the Fourteenth Amendment, and that Plaintiff has suffered damages within the jurisdictional limits of this court as a result of the violations of her rights.

36.     Defendant Officers were acting under the color of law when they deprived Orsburn of her constitutional right to be free from false arrest.

37.     Charges against Orsburn were dropped.

38.     As a direct cause and result of the Constitutional violations by the City as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## NEGLIGENCE
### COUNT IV

39.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

40.     Defendant Officers owed a duty to Orsburn to not cause harm to her person or infringe upon her liberties.

41.     Defendant Officers breached their duty of care to Orsburn.

42.     Defendant Officers unlawfully forced Orsburn to attempt to make a drug purchase.

43.     Defendant Officers were negligent in their arrest of Orsburn.

44.     As a result of Defendant Officers' actions, Orsburn suffered physical, psychological, and emotional injuries.

45.     As a direct cause and result of Defendant Officers' actions as set forth herein, Orsburn incurred injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## GROSS NEGLIGENCE
### COUNT V

46.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

47.     Defendant Officers had a duty to employ only reasonable measures in the treatment of Orsburn

48. Notwithstanding said duties, Defendant Officers acted in a wanton and willful manner, exhibiting such carelessness and recklessness as to evidence of conscious disregard for the safety of Orsburn.

49. As a direct and proximate result of the actions of Defendant Officers, Plaintiff suffered pain and suffering, mental anguish and severe emotional distress.

50. Defendant Officers embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and, in fact, caused Orsburn to suffer extreme and severe mental and emotional distress, agony and anxiety.

51. Defendant Officers aggressive and violent attack on an unarmed and defenseless female by slamming her on the ground and breaking her arm for failing to make a coerced drug purchase offends generally accepted standards of decency and morality.

52. Defendant Officers were not facing any imminent or serious threat of bodily harm or death. Thus, they knew or should have known that they had no right to use any force whatsoever with respect to Orsburn. Defendant Officers nonetheless unlawfully arrested Orsburn through their use of excessive force.

53. As a direct cause and result of the actions of Defendant Officers as set forth herein, Plaintiff incurred extreme pain and injuries for which he seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## ASSAULT AND BATTERY
### COUNT VI

54. Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

55. Alternatively, Defendant Officers intentionally and without consent placed Orsburn in apprehension of imminent harmful contact and caused harmful bodily contact.

56. Defendant Officers slammed Orsburn breaking her arm, causing severe pain,

swelling, and bruising which necessitated medical treatment.

57.    As a direct cause and result of the Constitutional violations by the City of Euless as set forth herein, Plaintiff incurred extreme pain and injuries for which she seek compensation as set forth more specifically in the section of this Complaint entitled "Damages."

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### COUNT VII

58.    Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

59.    Defendant Officers' conduct, as described above, was intended to and did inflict severe mental and emotional distress upon Orsburn. Defendant Officers knew or should have known that such conduct would subject Orsburn to sever emotional distress.

60.    Defendant Officers' conduct was extreme and outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, as to be regarded as atrocious and utterly intolerable in a civilized society.

61.    Defendant Officers accosted and violently arrested a citizen after she was unsuccessful in making a coerced drug purchase..

62.    Defendant Officers' conduct proximately caused Orsburn damages in that it caused her to suffer severe emotional distress. In particular, Defendant Officers' conduct was the direct and proximate cause of severe mental pain and anguish.

63.    Orsburn's emotional distress has been severe m that he has suffered from PTSD, anxiety, depression, loss of sleep, and loss of appetite.

64.    In addition to severe emotional distress, Orsburn has suffered and will continue to suffer additional damages as a proximate result of the defendant's conduct in that, in all reasonable probability, Orsburn will continue to suffer this mental pain and anguish for a long time in the future.

## DAMAGES ALL DEFENDANTS
### COUNT VIII

65.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

66.     Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiff:

    a.   Actual damages;

    b.   Pain and suffering and mental anguish suffered by Orsburn;

    c.   Loss of quality of life;

    d.   Where applicable, exemplary and punitive damages as well as reasonable attorneys' fees and costs of court;

    e.   Pursuant to 42 U.S.C. § 1988, and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause of action, and for its appeal, if required;

    f.   Prejudgment interest; and

    g.   Post judgment interest.

67.     Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

## PUNITIVE/EXEMPLARY DAMAGES
### COUNT IX

68.     Plaintiff incorporates by reference all paragraphs above as if fully set forth herein.

69.     Additionally, and in the alternative, the conduct of Defendant Officers were done with malice.

70.     As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of Orsburn's rights, safety and welfare is more than momentary thoughtlessness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence, and as such Plaintiff requests punitive and exemplary damages are awarded against Defendant Officers in a sum which is within the

jurisdictional limits of this court.

## COSTS AND ATTORNEY FEES

71.     Plaintiff incorporate by reference paragraphs above as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b) and other applicable provisions or in equity. As such, Plaintiff requests the Court to award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## CONDITIONS PRECEDENT

72.     Plaintiff reserves her rights to plead and prove the damages to which she is entitled to at the time of trial. All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

73.     Plaintiff has paid a jury fee and demands trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

/s/  Kim T. Cole
KIM T. COLE
Texas State Bar No. 24071024
**K. COLE LAW, PLLC**
2770 Main Street, Suite 186
Frisco, Texas 75033
(214) 702-2551 (phone)
(972) 947-3834 (fax)
kcole@kcolelaw.com
**ATTORNEY FOR PLAINTIFF**